**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

CHARLES RANDALL DAVIS                                                                                          PLAINTIFF
ADC #84756

V.                                              NO: 5:10CV00155 JLH/HDY

LARRY NORRIS *et al.*                                                                                           DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, currently incarcerated at the Randall Williams Correctional Facility, filed a *pro se* complaint (docket entry #2), along with a brief in support (docket entry #3), pursuant to 42 U.S.C. § 1983, on May 24, 2010.

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

According to Plaintiff's complaint, he is improperly classified as having three prior felonies, which has made him ineligible for an annual parole hearing.  Although Plaintiff does not contend he has a right to parole, he asserts he has a liberty interest in being correctly classified for parole eligibility, which would entitle him to a hearing.  Plaintiff seeks declaratory and injunctive relief, and damages.  Because Plaintiff previously filed essentially the same claim in *Davis v. Norris et al.*, ED/AR No. 5:10CV20, his complaint should be dismissed as frivolous.

In case No. 5:10CV20, Plaintiff complained that his improper classification effectively denied him the right to be considered for parole, and sought damages and an opportunity to appear before the parole board.  On April 22, 2010, United States District Judge Brian S. Miller, adopting the recommendation of United States Magistrate Judge Joe J. Volpe, dismissed Plaintiff's complaint for failure to state a claim upon which relief may be granted.  Although that dismissal was without prejudice, it was dismissed in such a manner to allow Plaintiff to re-file his complaint if he was able

to succeed in a state or federal challenge to his continued confinement.[1] There is no indication that Plaintiff has successfully challenged his continued incarceration, and therefore Plaintiff's current complaint is nothing more than a frivolous attempt to re-litigate a claim which has already been decided, and should therefore be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE as frivolous.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   27   day of May, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] *See Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994) (if judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged or called into question by issuance of a federal writ of *habeas corpus*)